UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

EDWARD CERULLO,                                        \*
                                                                        \*
        Plaintiff                          \*
                                                                        \*
v.                                                                    \*
DAVIES LANDSCAPING AND TREE          \*
SERVICE, INC. and COLLIN SHEA,          \*
                                                                        \*
       Defendants                      \*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COMPLAINT AND DEMAND FOR JURY TRIAL

### INTRODUCTION

The Plaintiff, Edward Cerullo, through his Attorney, The Law Offices of Jeffrey S. Glassman, LLC, bring this action against Davies Landscaping and Tree Service, Inc., and Colin Shea for personal injuries sustained by Edward Cerullo during a motor vehicle crash on June 29, 2016 in West Tisbury, Massachusetts.

### THE PARTIES

1. Plaintiff Edward is an individual with a usual residence in Brooklyn, New York, who at all times relevant hereto was in West Tisbury, Massachusetts on Martha's Vineyard.

2. Defendant Davies Landscaping and Tree Service, Inc., is a corporation with a usual place of business in Edgartown, Massachusetts and which conducts business throughout Martha's Vinyard.

3. Collin Shea is an individual who at all times relevant hereto was a resident of Martha's Vinyard and an employee of Defendant Davies Landscaping and Tree Service, Inc.

### JURISDICTION AND VENUE

3. This action arises out of a collision that occurred in Martha's Vineyard, Dukes County, Massachusetts, in which a truck operated by the defendants caused severe personal injuries to the plaintiff.

**FACTS**

4.  On June 29, 2016, Plaintiff Edward Cerullo was bicycling east on Indian Hill Road in West Tisbury, Massachusetts, approaching the intersection of Christentown Road.  Both Indian Hill Road and Christentown Road are two lane blacktop roads with no shoulder passing through a wooded area.

5.  The woods' thick trees block the site lines, so that vehicle operators approaching the intersection do not have a clear view of the traffic approaching the intersection from either side. To address this danger, there is a traffic control device in the form of a stop sign controlling the traffic on Christiantown Road where it intersects with Indian Hill Road.

6.   At the same time Defendant Shea, acting as an employee and agent of Defendant Davies Landscaping and Tree Service, Inc., was operating a truck owned by Defendant Davies Landscaping and Tree Service, Inc., approaching Indian Hill Road on Christentown Road.

7.  Plaintiff Cerullo entered the intersection along Indian Hill Road on his bicycle, as Defendant Shea approached the same intersection on Christentown Road, in the Defendant Davies Landscaping and Tree Service, Inc. truck.

8.   Failing to observe or comply with the stop sign, Defendant Shea caused a collision with Plaintiff Cerullo on his bicycle in the intersection.

9.  As a direct and proximate result of the collision, plaintiff Cerullo was disabled, suffered great pain of body and mind and will continue to suffer such pain, incurred and will continue to incur medical and hospital expenses, lost time and wages from his usual employment and was otherwise impaired in his ability to enjoy the regular activities of his life.

## COUNT I – NEGLIGENCE OF DEFENDANT SHEA

10. Plaintiff reavers and realleges each of the preceding allegations as if specifically restated herein.

11. The negligence or recklessness of Defendant Shea caused the plaintiff's injuries, causing the plaintiff to be disabled, to suffer great pain of body and mind, which the plaintiff will continue to suffer such pain, caused the plaintiff to incur and continue to incur medical and hospital expenses, caused the plaintiff to lose time and wages from his usual employment and otherwise impaired the plaintiff in his ability to enjoy the regular activities of his life.

## COUNT II – NEGLIGENCE OF DEFENDANT DAVIES LANDSCAPING AND TREESERVICE, INC.

12. Plaintiff reavers and realleges each of the preceding allegations as if specifically restated herein.

13. Defendant Davies Landscaping and Tree Service, Inc. was negligent in its training of its employee and agent, Defendant Shea.

14. Defendant Davies Landscaping and Tree Service, Inc. was negligent in its training of its employee and agent, Defendant Shea.

15. Defendant Davies Landscaping and Tree Service, Inc., was negligent in entrusting its truck to Defendant Shea and in allowing him to operate the truck without proper training and supervision.

16. As a result of the negligence of Defendant Davies Landscaping and Tree Service, Inc., Plaintiff Cerullo was disabled, suffered great pain of body and mind and will continue to suffer such pain, incurred and will continue to incur medical and hospital expenses, lost time and wages from his usual employment and was otherwise impaired in his ability to enjoy the regular activities of his life.

**WHEREFORE**, the plaintiff, Edward Cerullo, demands judgment in such amount that the court may deem just and proper, plus interest, costs, and attorney's fees in such amount as that which the plaintiff may be entitled.


## PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL COUNTS


Respectfully submitted,
Plaintiff, Edward Cerullo,
By his attorneys,


Dated: June 14, 2019                    /s/ Andrew J. Brodie
                                        Jeffrey S. Glassman, Esquire, BBO# 559112
                                        Andrew M. Fischer, Esq. BBO#167040
                                        Andrew J. Brodie, Esq. BBO#661269
                                        Law Offices of Jeffrey S. Glassman, LLC
                                        One International Place, 18th Floor
                                        Boston, MA  02110
                                        (617) 367-2900